IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANNY W. KING                                                                                          PLAINTIFF

v.                                         CIVIL NO. 14-5133

CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                                              DEFENDANT

**MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

Plaintiff, Danny King, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background**

Plaintiff protectively filed his application for DIB on December 21, 2011, alleging disability since June 30, 2011, due to high blood pressure, a back injury, constant pain, spondylosis, depression, and anxiety. (Tr. 9, 158). An administrative hearing was held on September 20, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 23-68).

By a written decision dated January 18, 2013, the ALJ found Plaintiff's degenerative disc disease, spondylosis, high blood pressure, posttraumatic stress syndrome (PTSD), depression, anxiety, and pain were severe impairments. (Tr. 11). After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr.

11-12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work except:

> [H]e can occasionally climb ramps/stairs and occasionally climb ladders/ropes/scaffolds. From a mental standpoint, he is able to perform work where interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote, with few variables and little judgment; and the supervision required is simple, direct, and concrete.

(Tr. 13).

With the help of a vocational expert (VE), the ALJ determined Plaintiff was unable to perform his past relevant work (PRW), but could perform the representative occupations of bench final assembler, machine tender, and hand packager. (Tr. 16-17). The ALJ then found Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 17).

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on March 21, 2014. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 10, 11).

## II. Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.

**III. Discussion**

On appeal, Plaintiff argues the ALJ erred in weighting the opinion evidence and failed to develop the record. (Doc. 10 at pp. 10-19).

The record shows Plaintiff received walk-in treatment at the Mankiller Health Center for several conditions, including anxiety and depression, beginning in July 2011. (Tr. 228-244, 291-292). He was prescribed citalopram and clonazepam, but his anxiety was diagnosed as uncontrolled in October and December 2011. (Tr. 230-232).

In February 2012, Plaintiff was examined by Dr. Catherine Adams, a consulting psychologist. (Tr. 254-259). Plaintiff reported several stressors such as a fear of leaving his home, and stated he limits himself to locations where crowds are minimal when he ventures out. (Tr. 254). According to Plaintiff, he often worries he will be recognized by someone from prison, is irritable, can "snap fast," and has frequent panic attacks. (Tr. 254). Plaintiff shared, however, he had received monthly therapy since November 2011 and "feels it is helping tremendously." (Tr. 255).

Dr. Adams theorized his "more traumatic recent experience in prison and his abstinence from alcohol seems to have drastically worsened his PTSD symptoms in the last several months." (Tr. 258). In the domain of coping with the mental/cognitive demands of basic work like tasks, Dr. Adams anticipated Plaintiff would have moderate difficulties. (Tr. 259). In the domain of attending and sustaining concentration, she opined Plaintiff has "severe difficulty sustaining persistence in completing work tasks," and in the domain of completing tasks in an acceptable time frame she believed Plaintiff "seems to have severe difficulty completing tasks within an acceptable time frame." (Tr. 259).

Dr. Dan Donahue, a consulting psychologist, completed a Psychiatric Review Technique form on March 1, 2012, and opined Plaintiff has mild restrictions in the activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. (Tr. 286). Dr. Donahue also submitted a mental RFC assessment. In his analysis of the case, Dr. Donahue noted Dr. Adams's opinion that Plaintiff has severe difficulty completing tasks within acceptable time limits, but stated it was not fully credible because:

> [Claimant] has good IQ scores and has worked in responsible jobs for many years. He is now in remission from alcohol and should function at a higher level. He started receiving psychotherapy in 11/11 and reports this has helped tremendously. Overall his [history] and freedom from alcohol abuse suggests he is capable of simpler types of work.

(Tr. 274). Dr. Donahue then opined Plaintiff could perform simple, routine, repetitive tasks, and work where interpersonal contact is incidental to work performed; the complexity of tasks is learned and performed by rote with few variables and little judgment; and the supervision required is simple, direct, and concrete (unskilled). (Tr. 275).

It appears Plaintiff's anxiety medications were continued throughout the relevant time period, but the majority of his medical notes deal with treatment for back pain. At a follow-up visit in August 15, 2012, however, notes indicate that after starting Depakote, "he feels that his anxiety is improved [blood pressure] controlled today on current medications." (Tr. 357). Nurse C.J. Mercer reported Plaintiff "appears more calm than in previous visits." (Tr. 361).

Dr. Abesie Kelly, a consulting psychologist, reviewed and affirmed Dr. Donahue's opinion in April 2012. (Tr. 319). Dr. Elva Montoya completed a case analysis in July 2012 and noted Plaintiff has some problems with depression and PTSD, but opined "he is not precluded from some

work given his age" and "his anxiety/depression does not indicate less than unskilled capacity." (Tr. 351).

At the hearing, Plaintiff testified he rarely leaves his house, left his most recent job because of severe anxiety, and cannot work a typical sedentary job because of his intense anxiety. (Tr. 45). In the areas of persistence and pace, he described anxiety and obsessive compulsive rituals that would prevent him from multitasking and require him to take additional time to complete tasks. (Tr. 34). Plaintiff, however, also testified he had struggled with many of these problems since childhood, and stated toward the end of the hearing, "my only problem with being able to work would be my medications that I take now that some of them make me sleepy and lethargic and hard to function." (Tr. 57).

In the written decision, the ALJ summarized Plaintiff's treatment records and wrote, "the record corroborates the claimant's diagnoses of PTSD, depression, [and] anxiety …," but noted Plaintiff's statement in August 2012 that his anxiety had improved on Depakote. (Tr. 14). The ALJ then summarized Dr. Adams's report, but remarked:

> Based on careful review of the overall mental medical evidence of record, the undersigned concludes that, though the claimant may have some problems, his symptoms are not marked and do not preclude him from engaging in simple, routine repetitive tasks.

(Tr. 15). The ALJ later stated he did not believe Dr. Adams's opinion that Plaintiff has "severe difficulty completing tasks within an acceptable time frame" was supported by "her own evaluation which assigned the claimant a GAF of 56, indicative of only moderate limitations." (Tr. 15-16).

Plaintiff urges remand of the case because the ALJ should have recontacted Dr. Adams to clarify her opinion if he had concerns, and also believes the decision to credit non-examining,

consulting physicians over an examining physician automatically requires remand. (Doc. 10 at pp. 15-18). Neither line of reasoning is supported by Eighth Circuit cases.

Plaintiff, however, raises appropriate concerns about Dr. Donahue's analysis of the case, and his reasons for not incorporating Dr. Adams's opinions in the physician's mental RFC assessment, which the ALJ ultimately relied on. (Doc. 10 at pp. 16-17). The regulations state, "the better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. § 404.1527(a)(3); see also Lauer, 245 F.3d at 706 (stating the weight afforded a non-examining consultant's opinion should be less since it was not based on specific medical findings). There was no medical basis for Dr. Donahue's conclusions that Plaintiff's ability to work before his onset date or his six year remission from alcoholism affects his current concentration, persistence, or pace. Dr. Donahue's citation to Plaintiff's high IQ is also troubling since there are no IQ scores in the record, and Plaintiff's limitations appear affected by his anxiety, not intellectual functioning. These concerns suggest Dr. Donahue's opinion was entitled to less than great weight, but the ALJ referred to the state consultants' opinions as supporting his conclusion and the RFC determination mirrors Dr. Donahue's assessment.

In deciding whether a claimant is disabled, an ALJ considers medical opinions along with "the rest of the relevant evidence" in the record. 20 C.F.R. § 404.1527(b); Wagner v. Astrue, 499 F.3d 842, 848 (8th Cir. 2007). "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." Pearsall, 274 F.3d at 1219 (internal citations omitted).

The ALJ stated he discounted Dr. Adams's opinion based on the GAF score of 56 she assigned Plaintiff, and the overall medical evidence. The only evidence the ALJ could have plausibly used to discredit Dr. Adams's opinions was the evidence from August 2012 that Plaintiff's anxiety and mood had improved on Depakote, and the opinions of the non-examining consultants. To be sure, this evidence casts some doubt on Dr. Adams's opinion that Plaintiff had severe problems with concentration, persistence, or pace. There are serious flaws, however, in Dr. Donahue's assessment analysis. Further, the existence of a GAF score, which does not correlate to the severity requirements in the mental disorders listings and evaluates a claimant's overall level of functioning, hardly casts doubt on a specific domain of functioning. See Jones v. Astrue, 619 F.3d 963, 973 (8th Cir. 2010); 65 Fed. Reg. 50746. This leaves a single reference to Plaintiff's improvement in the record as the only reasonable piece of evidence the ALJ mentioned to reject Dr. Adams's opinion. While a claimant's improvement following treatment is a valid reason to discount the claimant's subjective complaints, Johnson v. Astrue, 628 F.3d 991, 995–96 (8th Cir.2011), the Eighth Circuit has cautioned that doing well for the purposes of a treatment program does not mean a person can work or relate to an ability to perform a work-related RFC. Hutsell v. Massanari, 259 F.3d 707, 712 (8th Cir. 2001)

Based on the foregoing, the undersigned finds the ALJ's decision is not based on substantial evidence. On remand, the ALJ should adequately explain the medical basis for the RFC determination and provide good, specific reasons for discounting a medical opinion. In this case, ordering a new mental RFC assessment or consultative exam may help clarify the inconsistencies in the medical opinions.

**IV. Conclusion:**

For the above reasons, the undersigned recommends reversing the Commissioner's denial of benefits and remanding the case for further proceedings. **The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 14th day of July, 2015.

                                                    s/ *Erin L. Setser*
                                                    HON. ERIN L. SETSER
                                                    UNITED STATES MAGISTRATE JUDGE