IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANNY W. KING                                                                            PLAINTIFF

        v.                     CIVIL NO. 5:14-cv-05133-TLB-ELS

CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Plaintiff, Danny King, appealed the Commissioner's denial of benefits to this Court. On August 6, 2015, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 13). Plaintiff now moves for an award of $5,718.75 in attorney's fees and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), requesting compensation for 29.25 attorney hours of work performed before the Court in 2014, at an hourly rate of $183.00, and for 2.0 attorney hours of work performed before the Court in 2015, at an hourly rate of $183.00. (Docs. 14, 15, 18). Defendant has filed a response, stating she objects to an award of EAJA fees and expenses totaling $5,718.75. (Doc. 16). Defendant specifically objects to the hours Plaintiff's attorney requests for clerical work, and her vague and misdated billing descriptions. (Doc. 19).

      Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing

the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, No. 08-4078, 2009 U.S. Dist. LEXIS 116913, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433.

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $183.00 for 31.25 total hours of attorney work, which she asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff submitted the CPI for the south urban area. The CPI and Amended General Order 39 show that $183.00 is a reasonable hourly rate for the years 2014 and 2015.[1] See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged she spent in this matter.

Plaintiff's counsel seeks reimbursement for the following[2]:

| | | |
|---|---|---|
| 4/10/2014 | Complete IFP affidavit; cover sheet; motion to proceed IFP, brief in support, organize exhibits, prepare cover sheet | 1.25 |

---

[1]Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. The Court finds that the CPI-South index supports an award based upon an hourly rate of $152.00. See Johnson, 919 F.2d at 505. Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:

2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI-South) = $186.25/hour - $186.00
2015 - 228.451 x 125 divided by 152.4 (March 1996 CPI-South) = $187.38/hour - $187.00.

[2]Counsel's time was submitted in exact minutes, instead of the standard billing practice of tenths of an hour. The Court has recalculated Counsel's time in tenths of an hour.

| | | |
|---|---|---|
| 7/14/2014 | Prepare affidavit of service | .25 |
| 7/14/2014 | Prepare summons for each party | .50 |
| 8/20/2014 | Receive and review return of service | .17 |
| 7/14/2015 | Receive order from federal court | .34 |
| 10/6/2015 | Organize exhibits for motion | .25 |

These tasks are clerical in nature and cannot be compensated under the EAJA. <u>Granville House, Inc. v. Department of HEW</u>, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). The Court therefore will deduct 2.76 hours from the attorney hours.

Plaintiff's counsel requests reimbursement for the following:

| | | |
|---|---|---|
| 7/14/2014 | Prepare complaint | .50 |

The docket shows the complaint was filed on May 6, 2014. (Doc. 1). Therefore, the Court will deduct .50 hours from the attorney hours.

Plaintiff's counsel also seeks reimbursement for the following:

| | | |
|---|---|---|
| 9/18/2014 | Receive and review transcript | .25 |
| 10/1/2014 | Put transcript in order of type of documents | 1.50 |
| 10/9/2015 | [sic] Begin typing first page of brief | .50 |
| 10/9/2015 | [sic] Continue tryping [sic] | 1.00 |
| 10/12/ 2014 | Frame out argguments [sic] and law | 3.00 |
| 10/12/2014 | Draft body of medical records and arguments[,] search law for appropriate citations, check SSRS [sic] | 6.00 |
| 10/13/2014 | Research relevant cases, laws and regulations | 3.25 |

| | | |
|---|---|---|
| 10/14/2014 | Write argument, check citations, shep cases, proof read first time | 5.00 |
| 10/16/2014 | Finish final draft, check SSR's for regulation[,] finish writing argument | 3.50 |
| 10/17/2014 | Proof last time, check chronology[,] send | 1.00 |

Counsel's block billing of time prevents the Court from determining the reasonableness of the fee on the basis of the work performed. "[G]eneralized billing 'hinder[s] the court's ability to conduct a meaningful review. . . .'" McDannel v. Apfel, 78 F. Supp. 2d 944, 947 (S.D. Iowa 1999) (quoting Miller v. Woodharbor Molding Millworks, 174 F.3d 948, 949–50 (8th Cir. 1999)). When presented with this problem, the Court may reduce the number of hours to reflect a reasonable fee. See Id.; Hensley, 461 U.S. at 430.

Plaintiff's counsel seeks a total of 25.00 hours for reviewing the 398 page transcript, and preparing the brief. There were no unique or complex issues to be developed in this case. Plaintiff's counsel frequently represents social security plaintiffs before this Court and should be well versed in social security law, which makes the time submitted for preparing this brief to be excessive. Reviewing the transcript and preparing the appeal brief should not have taken her more than 14 hours. Therefore, the Court will further reduce the number of hours submitted for the preparation of Plaintiff's brief to 14.00 hours, and deduct 11.00 hours from the attorney hours.

Finally, Plaintiff's counsel seeks reimbursement for the following:

| | | |
|---|---|---|
| 10/6/2015 | Prepare EAJA bill | .75 |
| 10/6/2015 | Prepare motion and brief in support | .50 |
| 10/6/2015 | Organize exhibits for motion | .25 |

The Court finds the time sought to be excessive given that the petition and brief appear to be the standard petition and brief submitted by Plaintiff's counsel in social security cases. The Court will, therefore, deduct .50 hours from the total compensable time sought by counsel.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 16.49 attorney hours (31.25 hours less 14.76 hours) in 2014 and 2015, at an hourly rate of $183.00, for a total attorney's fee award of $3,017.67. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Based upon the holding in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

Dated this 29th day of October, 2015.

*s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE