### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**DANNY WAYNE KING**                                                                            **PLAINTIFF**

v.                                              **Case No. 5:14-CV-05133**

**CAROLYN W. COLVIN, Commissioner**
**Social Security Administration**                                            **DEFENDANT**

### OPINION AND ORDER

On May 6, 2014, Plaintiff Danny Wayne King appealed to this Court the Commissioner's denial of his application for Social Security disability benefits. After the parties fully briefed the issues, the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, filed a Report and Recommendation ("R & R") (Doc. 12), which the Court adopted on August 6, 2015, remanding King's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 13). Then, on October 6, 2015, King filed a Motion (Doc. 14) and supporting brief (Doc. 15) requesting an award of $5,718.75 in attorney fees and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). The request included a claim for reimbursement of 29.25 attorney work hours charged in 2014 at an hourly rate of $183.00, and an unspecified number of hours at an unspecified hourly rate for work performed in 2015. The Commisioner filed a Response in Opposition (Doc. 16) to the Motion for Fees, objecting generally to the total award King requested and to the unspecified hourly rate charged for work in 2015. The Magistrate Judge then entered an Order (Doc. 17) directing King's counsel to submit an itemized billing statement, as such had not yet been provided and

-1-

was required by 28 U.S.C. § 2412(d)(1)(B) before King's request for fees could be considered.

On October 26, 2015, King's counsel responded to the Magistrate Judge's Order by filing a Supplement to King's EAJA Fee Motion (Doc. 18). The Supplement attached an itemized billing statement (Doc. 18-1) and clarified that the number of hours claimed for 2014 was 29.25 hours, the hours claimed for 2015 was 2.0 hours, and the rate charged for both 2014 and 2015 was $183.00 per hour. The total fee request of $5,718.75 remained the same as in the original Motion (Doc. 14).

The Commissioner then filed a Response in Opposition (Doc. 19) to the Supplement, this time objecting to the total number of attorney hours claimed. Specifically, the Commissioner noted that certain billed services appeared to be clerical in nature and could not be compensated under the EAJA, and certain billing entries were either confusing or lacked sufficient detail, or else did not appear to apply to the instant case. The Commissioner asked the Court to reduce the number of compensable hours from 31.25 to 25.25 and award King $4,620.75 in fees. See Doc. 19., p. 6. Importantly, the Commissioner did not object to the hourly rate requested by King's counsel, nor did she object to King's claim that he was the prevailing party in this matter. See id. at p. 2.

On October 29, 2015, the Magistrate Judge issued an R & R (Doc. 20) concerning King's Motion for Fees. The Magistrate Judge recommended that 14.76 hours be deducted from King's total request of 31.25 hours, bringing the number of claimed hours down to 16.49, and the total award down to $3,017.67. King's counsel then filed timely

-2-

Objections[1] (Doc. 21) to the R & R and attached a revised billing statement (Doc. 21-1), in an apparent attempt to cure some of the billing issues identified by the Magistrate Judge in the R & R.

In reviewing the Objections, the Court observes that King's counsel has conceded that a total of 1.50 hours of attorney work should be subtracted from her original request due to "clerical errors" in the itemized billing statement; however, counsel objects to any further deductions recommended by the Magistrate Judge. The Commissioner filed a Response (Doc. 22) to the Objections, essentially agreeing with the Magistrate Judge's recommended deductions. King's counsel then filed a Reply (Doc. 23), calling the Magistrate Judge's reductions arbitrary and "without cause or proper justification." *Id.* at p. 2.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney fees to a prevailing Social Security claimant unless the Commissioner's position in denying benefits was substantially justified. Here, the Commissioner agrees that King is entitled to attorney fees as the prevailing party and only objects to the number of hours requested. When an attorney seeks fees under a federal fee-shifting statute such as the EAJA, she is required

---

[1] The Commissioner argues in her Response to the Objections (Doc. 22) that the Objections were not timely because they were filed more than 14 days after the R & R was issued. *See* 28 U.S.C. 636(b)(1)(C) (noting that written objections to a magistrate judge's report and recommendation are due within 14 days of service of the report). The R & R was electronically served on the attorneys of record on October 29, 2015 (Doc. 20). A text-only docket notation was generated on the same date, stating that the deadline for filing objections was November 16, 2015, which is 18 days after the R & R was filed. Under these circumstances, it was reasonable for King's counsel to rely on the November 16 deadline set forth in the docket text. The Commissioner did not point out the docketing error to the Court until after the deadline had already passed. For these reasons, the Court will deem the Objections filed on November 16 as timely.

to present a fee application "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly," *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), but must "provide a concise but clear explanation of its reasons for the fee award," *id.* at 437. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Id.* However, it is the Court's function to evaluate the fee petition to make certain that it includes "'the number of hours ordinarily necessary competently to prepare comparable cases,'" since "'[f]ee awards based upon an excessive number of hours would encourage overpreparation of often relatively simple cases . . . .'" *Premachandra v. Mitts*, 727 F.2d 717, 733 (8th Cir. 1984), *rev'd on other grounds*, 753 F.2d 635 (8th Cir.1985) (en banc) (quoting *Bonner v. Coughlin*, 657 F.2d 931, 934-35 (7th Cir. 1981)).

In light of King's Objections to the R & R, the Court has conducted a *de novo* review of the record as to all proposed findings and recommendations to which objections have been made. 28 U.S.C. § 636(b)(1). Below the Court addresses each objection in turn.

## I. OBJECTION ONE: DISCOUNTING ATTORNEY TIME FOR CLERICAL TASKS

If legal services are merely clerical in nature, they are not compensable under the EAJA. *See Granville House, Inc. v. Dep't of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work that could have been completed by support staff is not compensable under the EAJA). The Magistrate Judge recommended discounting King's counsel's bill by 2.76 hours for tasks deemed clerical in nature. After reviewing these time entries, as well as counsel's explanation as to why the work was not clerical, the Court is disinclined to scrutinize the

-4-

entries further, as many of them could, indeed, be considered clerical, or could, on the other hand, require attorney expertise to accomplish, depending on the nature of the tasks themselves. The Court is mindful of the fact that attorneys are officers of the Court, and as such, they affirm that their filings are proper and made according to law. Here, King's counsel has averred that she excluded a number of time entries from her bill because she knew that the corresponding tasks were clerical and could not be compensated under the EAJA. She states that she only billed for non-clerical tasks. While the tasks in question could have been performed by a properly supervised assistant, the Court finds nothing inherently improper or unreasonable with regard to counsel performing and billing for the line item tasks at issue, within the context of the particular facts and explanation in this case.[2]  Consequently, the Court finds that King has met his burden of reasonableness as to the fees requested for these items. For these reasons, the Court will decline to adopt the recommendation to discount 2.76 hours from the bill for these tasks.

The Court will, however, adopt the Magistrate Judge's recommendation to deduct 0.50 hour for an erroneous time entry dated July 14, 2014, to prepare the complaint. King's counsel agrees the deduction was proper. See Doc. 21, p. 5. The Court will also deduct 1.00 hour of time for an entry dated April 10, 2014, to prepare an affidavit, cover sheet, motion, and brief in support of King's request to proceed in forma pauperis. Counsel admits that this billing entry was erroneous in some respect, as it "included

---

[2] The Court has more concern for the *quantity* of time billed for these disputed tasks. In this instance the Court will not further debate whether such tasks could have been reasonably performed in less time, *i.e.* 10 minutes versus 20 minutes.  But counsel is advised to be more prudent in the future.

documents that were not filed with the Court," and for this reason, she "does not object to Defendant's recommendation that one (1) hour of time be deducted." *Id.* at p. 3.

In summary, the Court will deduct a total of 1.50 hours from King's counsel's time, as explained above.

## II. OBJECTION TWO: DEDUCTIONS FOR UNREASONABLE CHARGES

### A. Preparing the Appellate Brief

The Court now turns to King's counsel's claim for 25.00 hours of attorney time in reviewing the administrative transcript and preparing the appellate brief. The Magistrate Judge recommended discounting this time by 11.00 hours for the following reasons:

> There were no unique or complex issues to be developed in this case. Plaintiff's counsel frequently represents social security plaintiffs before this Court and should be well versed in social security law, which makes the time submitted for preparing this brief to be excessive. Reviewing the transcript and preparing the appeal brief should not have taken her more than 14 hours.

(Doc. 20, p. 5).

In the Objections, King's counsel argues that the Court should not set a 14-hour "flat-rate for appeals of Social Security cases," and that discounting her claimed hours should require more specific factual findings than what was offered in the R & R. (Doc. 21, p. 6).

Some courts have noted that attorney fees totaling 20-40 hours of work are most often requested and granted in Social Security cases. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases). Although this rule of thumb is helpful to consider, the Court will not set a de facto cap on the number of hours that an attorney may bill in a so-called non-complex Social Security appeal. *Cf. Costa v.*

-6-

*Soc. Sec. Admin.*, 690 F.3d 1132, 1137 (9th Cir. 2012) (finding it improper to apply a de facto cap on the number of hours for which an attorney may be compensated under the EAJA, and reversing district court for abuse of discretion in cutting an attorney's claim for fees due to a perceived "informal district-wide rule that forty hours is the upper limit for the number of hours a lawyer can reasonably spend on a social security disability appeal that 'does not present particular difficulty'").

Although Social Security appeals are extremely similar—in that they share the same underlying legal precedent and governing regulations—the fact is that every Social Security case is different, just as every disability claimant's medical condition is different. A claimant's attorney must review the hearing transcript and often hundreds of pages of medical records to identify issues appropriate for appeal.   While the work performed by different attorneys and the facts presented by different cases will result in fees petitions for a range of different amounts, the Court must be careful to insure that its award encompasses only "'the number of hours ordinarily necessary competently to prepare comparable cases." *Premachandra,* 727 F.2d at 733.   But within the boundary of overall reasonableness and proportionality, a court should be reluctant to second-guess the attorney's methodology and professional judgment.  And when reductions are deemed appropriate, the court should explain with case-specific detail why the amount of time requested for a particular task is deemed too high and must be reduced.[3]

To summarize, there are, of course, a variety of paths to victory that a plaintiff's attorney could choose in successfully prosecuting a Social Security disability appeal.  That

---

[3] Assuming the fee petition contains sufficient and specific line item details from which a court can undertake such an analysis.

said, most plaintiffs' attorneys who prosecute Social Security cases would likely agree that the nature of a claimant's disability and the facts surrounding the administrative review process are the most determinative factors governing success on appeal, regardless of the skill and persuasiveness of counsel.   Nonetheless, there are certain professional judgments that should be left to a prevailing attorney's discretion, and if properly documented, facially reasonable, and comparatively appropriate, should be compensated under the EAJA.

Turning to the instant case, counsel for King requested to be compensated for 25.00 hours of time to review the administrative transcript and prepare the appellate brief.   In considering counsel's time entries for this work, the amount of time expended and the work actually performed appear reasonably correlated and appropriate.   Accordingly, the Court will decline to adopt the Magistrate Judge's recommendation to discount this time.

### B. Preparing the EAJA Motion

Counsel charged 1.50 hours of attorney time in 2015 to prepare her itemized bill, Motion, and brief in support of her original request for fees.   The Magistrate Judge recommended discounting this total by 0.50 hour, due to the fact that the overall amount of time charged was excessive, given the quality of the Motion and supporting documents. The Court agrees with the Magistrate Judge's justification for this reduction and adds that another reason why the discount is well-supported is that counsel's work on the fee petition generally lacked attention to detail.   The Magistrate Judge was constrained to order counsel to supplement her first fee petition with an itemized billing statement, since counsel, who practices frequently before this Court on Social Security appeals cases and should be familiar with the EAJA regulations, failed to attach an itemized bill to her petition.

-8-

*See* Doc. 17.  Then, counsel admitted in her Objections that the billing statement she submitted contained numerous clerical errors which either merited reductions in time or required further explanation.  Indeed, counsel submitted a revised bill along with her Objections to the R & R.  *See* Doc. 21-1.  For these reasons, the Court finds the amount of time claimed by counsel to prepare the attorney fee petition was overstated, given the work product produced.   The Court therefore adopts the Magistrate Judge's recommendation to discount the time claimed for this work by 0.50 hour.

## III.  CONCLUSION

After careful consideration of the record and in light of King's Objections, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the R & R (Doc. 20), as explained in this Order.

**IT IS THEREFORE ORDERED** that King's Motion for EAJA Fees (Doc. 14) is **GRANTED IN PART AND DENIED IN PART**, in that the request for 31.25 hours of attorney work is discounted by 2.00 hours, bringing the total award to **$5,352.75** (29.25 hours at a rate of $183.00 per hour).

This amount should be paid in addition to, and not out of, any past-due benefits which King may be awarded in the future.  Based upon the holding in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to King, but may be mailed to counsel's address of record.  The parties are also reminded that this award made under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**IT IS SO ORDERED** on this 11th day of March, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

-10-